# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1064V
Filed: December 22, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| KIM MANGET, | |
|       Petitioner, | Damages Decision Based on Proffer; |
| v. | Influenza ("Flu") Vaccine; Shoulder |
| | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | ("SPU") |
|       Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.*
*Mallori B. Openchowski, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On August 25, 2016, Kim Manget "(petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she sustained left shoulder injuries from an influenza ("flu") vaccination she received on October 6, 2015. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On December 1, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On December 21, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $85,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $85,000.00 in the form of a check payable to petitioner, Kim Manget.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KIM MANGET, ) | |
| Petitioner, ) | |
| ) | No. 16-1064V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $85,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $85,000.00, in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

|  |  |
|---|---|
|  | C. SALVATORE D'ALESSIO<br>Acting Director<br>Torts Branch, Civil Division<br><br>CATHARINE E. REEVES<br>Acting Deputy Director<br>Torts Branch, Civil Division<br><br>LYNN E. RICCIARDELLA<br>Senior Trial Attorney<br>Torts Branch, Civil Division<br><br>/s/ *Mallori B. Openchowski*<br>MALLORI B. OPENCHOWSKI<br>Trial Attorney<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C. 20044-0146<br>Phone: (202) 305-0660 |
| Dated: December 21, 2016 | Fax:    (202) 353-2988 |